IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY LORSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case Number CIV-07-910-C |
| | ) |
| WILLIAM F. SHEPHARD, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants filed the present motion seeking dismissal of Plaintiffs' case for failure to comply with the Court's Scheduling Order. According to Defendants, despite being ordered to attend a mediation session prior to April 1, 2008, and being notified of a potential mediator, Plaintiffs have failed to schedule a mediation or respond to Defendants' proposals. Defendants seek dismissal as a sanction for Plaintiffs' failures. In response, Plaintiffs assert that they were dissatisfied with the mediator chosen by Defendants and were unable to get an explanation for why he was chosen. Plaintiffs further state that Defendants have failed to properly respond to certain discovery requests and without those responses, Plaintiffs cannot properly prepare for mediation. Plaintiffs include within their response a Motion to Compel Answers to Interrogatories and Requests for Production of Documents and a Motion to Extend Time for Mediation Deadline.

Dismissal is a strong sanction and should only be used sparingly. Prior to exercising its discretion to dismiss a case as a sanction, the Court must consider:

> "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."

Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1151-52 (10th Cir. 2007) (quotng Olsen v. Mapes, 333 F3d 1199 1204 (10th Cir. 2003)).  Here, the first and second factors weigh against sanction as Defendants have failed to demonstrate any actual prejudice, nor is there any evidence demonstrating interference with the judicial process.  This case remains on the original Scheduling Order and there is no request to alter that timetable.  As for the third factor, while Plaintiffs are proceeding pro se and therefore are responsible for following the Court's Orders, the evidence before the Court does not demonstrate a total failure to comply.  Indeed, the materials before the Court indicate Plaintiffs would consent to mediation with the person suggested by Defendant but that they had questions about why Defendants felt he was qualified for this case.  There is no evidence those questions were ever answered.  Thus, at least some of the blame for the failure to comply falls at the feet of Defendants.  As for the fourth factor, there has as of yet been no warning of dismissal.  Finally, the Court finds that a lesser sanction will protect the interests at issue in this case.

The parties were directed to participate in mediation at a relatively early juncture in the case in the hopes that an amicable resolution could be reached before either party expended a great deal of financial and/or other resources in preparing for trial.  Due to the

parties'[*] failure to comply with the Court's Order any such advantage is lost. To the extent Plaintiffs ultimately prevail at trial, they will suffer the loss by delay of any compensation until that time. To the extent Defendants prevail at trial, they may be eligible to recoup the costs of litigation under any number of statutes. To the extent the parties wish to speed this process, they may, of course, seek early resolution of the matter with or without the aid of a mediator. The Court finds given the equal culpability present, the above penalties are adequate sanction for the misconduct.

Remaining are Plaintiffs' additional motions. Local Rule 7.1(c) prohibits asserting motions or cross-motions in a response. Thus, Plaintiffs' Motion to Compel Answers to Interrogatories and Requests for Production of Documents and a Motion to Extend Time for Mediation Deadline will be stricken. To the extent Plaintiffs request the Court's assistance in addressing the discovery issues, an appropriate motion may be filed. There is no need to extend the mediation deadline as the advantage contemplated by the Court has passed and it is now up to the parties how this matter is finally resolved.

For the reasons set forth herein, Defendants' Motion to Dismiss (Dkt. No. 21) is DENIED. Plaintiffs' Motion to Compel Answers to Interrogatories and Requests for Production of Documents and a Motion to Extend Time for Mediation Deadline (Dkt. No. 23) are STRICKEN. The parties are relieved from compliance with the duty to schedule

---

[*] For the reasons noted above, the Court finds both parties are equally at fault for the failure to comply. Defendants should have responded to Plaintiffs' request for additional information and Plaintiffs, if dissatisfied with Defendants' choice, should have made their own proposal.

mediation set forth in the Scheduling Order. To the extent the parties wish to pursue resolution of their dispute they may certainly proceed with mediation or they may request a judicial settlement conference at the appropriate time.

IT IS SO ORDERED this 7th day of May, 2008.

ROBIN J. CAUTHRON
United States District Judge