IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY LORSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case Number CIV-07-910-C |
| ) | |
| WILLIAM F. SHEPHARD, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants filed the present motion seeking dismissal of Plaintiffs' case for failure to comply with the Court's Scheduling Order. The Scheduling Order required Plaintiffs to provide a final list of witnesses and exhibits by July 15, 2008. According to Defendants, Plaintiffs have failed to provide the lists. Review of the court file reveals the required lists have not been filed. Defendants request the Court to dismiss this matter as a sanction for Plaintiffs' misconduct.

Dismissal is a strong sanction and should only be used sparingly. Prior to exercising its discretion to dismiss a case as a sanction, the Court must consider:

> "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."

Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1151-52 (10th Cir. 2007) (quoting Olsen v. Mapes, 333 F.3d 1199 1204 (10th Cir. 2003)). Here, all factors weigh in favor of

dismissal. Without knowledge of Plaintiffs' witnesses and exhibits Defendants cannot properly prepare for trial. Likewise, Plaintiffs' failure to comply with the deadlines in the Scheduling Order will prevent the case from being tried as scheduled, thus delaying final resolution of this matter and disrupting the Court's docket. Plaintiffs are proceeding pro se but are responsible for following the Court's Orders; thus, the culpability for the failure to comply rests squarely with them.

While there has been no specific warning of dismissal, the Scheduling Order made clear that witnesses and/or exhibits not listed would not be presented at trial absent good cause. As Plaintiffs have failed to respond to Defendants' motion, no cause has been shown. Barred from presenting witnesses or offering exhibits, Plaintiffs cannot prove their case. Thus, dismissal would be warranted at trial and its entry now only expedites the process.

Finally, the Court finds that no lesser sanction will protect the interests at issue in this case. Plaintiffs have been aware for more than 60 days that they failed to timely file their witness and exhibit lists, yet they have made no effort to remedy the problem. Likewise, Defendants' motion has been on file for more than 20 days with no response from Plaintiffs. It is apparent that Plaintiffs no longer wish to prosecute this case. Accordingly, dismissal is the appropriate sanction.

For the reasons set forth herein, Defendants' Second Motion to Dismiss (Dkt. No. 28) is GRANTED. This matter is DISMISSED with prejudice. A separate judgment shall issue.

IT IS SO ORDERED this 17th day of September, 2008.

_ROBIN J. CAUTHRON_
United States District Judge